ALD-021                                                                           **NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 23-2887
_____

IN RE: ROBERT SWIFT,
                                                        Petitioner
_____

On a Petition for Writ of Mandamus from the
United States District Court for the District of New Jersey
(Related to 2:13-cv-00650)
_____

Submitted Pursuant to Rule 21, Fed. R. App. P.
November 2, 2023

Before:  HARDIMAN, MONTGOMERY-REEVES, and NYGAARD, Circuit Judges

(Opinion filed November 24, 2023)
_____

OPINION[*]
_____

PER CURIAM

Robert Swift has filed a petition for a writ of mandamus.  For the reasons that

follow, we will deny the petition without prejudice.

---

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

Swift filed an action in the District Court against Ramesh Pandey, his brother

Bhuwan Pandey, and Xechem-(India) PVT, Ltd. ("XI"), asserting claims for quantum

meruit and unjust enrichment, among others. The claims against the Pandeys were the

subject of a bench trial in August 2022. During that trial, Swift moved for a default

judgment against XI. See D.Ct. ECF No. 497 at 20-21.[1] It was later indicated that the

parties had reached a partial resolution regarding the claims against XI, with the District

Judge agreeing to "retain jurisdiction to enforce cooperation." Id. at 62.

After the close of Swift's case at trial, the District Court granted a directed verdict

in favor of the Pandeys and entered a "final judgment" in their favor on August 17, 2022.

See D.Ct. ECF No. 481. Swift appealed that judgment to this Court. Swift also filed a

letter-motion with the District Court seeking an order reflecting a default judgment

against XI and the agreement between the parties. See D.Ct. ECF No. 482. In response,

the District Court issued an order indicating that it was inclined to grant the motion, but

that Swift's notice of appeal had divested the District Court of jurisdiction. See D.Ct.

ECF No. 486 at 2.

On appeal, this Court construed Swift's letter-motion as a timely filed motion to

alter or amend judgment under Federal Rule of Civil Procedure 59(e), suspending the

effectiveness of the notice of appeal and allowing the District Court to retain jurisdiction

---

[1] Swift previously filed two motions for default against XI before a previously presiding District Judge. Those motions were both denied. See D.Ct. ECF Nos. 121 & 137.

to rule on the motion. See Fed. R. App. P. 4(a)(4)(B)(i). Accordingly, by order entered June 22, 2023, we held Swift's appeal in abeyance and remanded the matter to the District Court for the limited purpose of considering Swift's motion to determine whether he is entitled to relief under Rule 59(e). See C.A. No. 22-2718. Swift has now filed a mandamus petition requesting that we order the District Court to resolve the default judgment issue relating to XI and enter a final order in the case.

A writ of mandamus will issue only in extraordinary circumstances. See Sporck v. Peil, 759 F.2d 312, 314 (3d Cir. 1985). As a precondition to the issuance of the writ, the petitioner must establish that there is no alternative remedy or other adequate means to obtain the desired relief, and the petitioner must demonstrate a clear and indisputable right to the relief sought. Kerr v. U.S. Dist. Court, 426 U.S. 394, 403 (1976). As a general rule, the manner in which a court disposes of cases on its docket is within its discretion. See In re Fine Paper Antitrust Litig., 685 F.2d 810, 817 (3d Cir. 1982). Nonetheless, mandamus may be warranted where a District Court's delay is tantamount to a failure to exercise jurisdiction. See Madden v. Myers, 102 F.3d 74, 79 (3d Cir. 1996).

Here, Swift's motion to amend the judgment was made in September 2022. Believing it lacked jurisdiction after the notice of appeal, the District Court took no further action on the motion. On June 22, 2023, this Court stayed the appeal and remanded to the District Court for further action. The time that has passed since then

3

does not rise to the level of a failure to exercise jurisdiction or an extraordinary circumstance. See id. This is especially true in light of Swift's new post-remand motion for default judgment, see D.Ct. ECF No. 506, as well as his motion to enforce the settlement agreement, see D.Ct. ECF No. 507. In addition, the attorneys for the Pandeys have moved to be relieved as counsel, see D.Ct. ECF No. 508, a motion which Swift has opposed.

We are confident that the District Court will act on Swift's motion within a reasonable time. Accordingly, we will deny the mandamus petition without prejudice to refiling should it become warranted.